UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELIZABETH WINTERHALTER, ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:15-CV-0998-G |
| RED MANGO FC, LLC, ) | |
| ) | |
| Defendant/Counter Plaintiff. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the plaintiff/counter-defendant's motion to dismiss the defendant/counter-plaintiff's counterclaim (docket entry 17). For the reasons discussed below, the motion is denied.

I. BACKGROUND

A. Factual Background

On June 5, 2009, the plaintiff/counter-defendant, Elizabeth Winterhalter ("Winterhalter"), entered into a franchise agreement with the defendant/counter-plaintiff, Red Mango FC, LLC ("Red Mango"), to open a frozen yogurt and fruit smoothie franchise in Virginia. Complaint and Demand for Jury Trial ("Complaint")

¶¶ 5-6 (docket entry 1).  During the more than three years the franchise location was in business, Red Mango collected approximately $145,000 in royalty fees.  *Id.* ¶ 18.  Winterhalter closed the location in November 2013 and now contends that the terms of the franchise agreement prohibited Red Mango from collecting these royalty fees.  *Id.* ¶¶ 7, 18.  To support her argument, she emphasizes that "[a]lthough the Summary Page [of the franchise agreement] provided the option for Defendant to select or check a box for a Royalty Fee of '6% of Gross Revenue derived during the applicable Accounting Period,' that box was not marked or otherwise selected."  *Id.* ¶ 11 (referring to Red Mango Franchising Company Franchise Agreement, *attached to* Defendant Red Mango FC, LLC's Original Answer to Plaintiff's Complaint (docket entry 8) as Exhibit A).  Winterhalter asserts claims for breach of contract and payment by mistake in an attempt to recover these payments.  Complaint ¶¶ 15-23.

Red Mango responded to Winterhalter's claims by filing a counterclaim for breach of contract.  *See* Defendant Red Mango FC, LLC's Amended Counterclaim (docket entry 16).  According to Red Mango, "Winterhalter breached her obligations under the Franchise Agreement by wrongfully ceasing to operate the Store, . . . ceasing to pay Royalty Fees under Section 4.2 of the Franchise Agreement[, and] by wrongfully refusing to pay the future Royalty Fees due Red Mango under Section 15.6 of the Franchise Agreement."  *Id.* ¶¶ 31-33.  To support its claim that Winterhalter has always been liable for royalty fees under the franchise agreement,

Red Mango notes that its Franchise Disclosure Document, which Winterhalter received prior to entering the franchise agreement, "explicitly described" the royalty fees and that "Winterhalter voluntarily paid the 6% Royalty Fee approximately 42 times over a four-year period." *Id.* ¶¶ 7, 39.  Thus, Red Mango claims, the franchise agreement entitles it to "future royalty fees . . . as a good-faith estimate of Red Mango's damages" and attorney's fees.  *Id.* ¶¶ 36, 45.

### B.  Procedural Background

Winterhalter filed her complaint on March 31, 2015 (docket entry 1).  On May 14, 2015, Red Mango answered and filed its counterclaim (docket entry 8). Then Winterhalter filed her initial motion to dismiss the counterclaim (docket entry 11).  After Red Mango filed an amended counterclaim (docket entry 16), the court denied the motion to dismiss as moot.  Winterhalter filed a second motion to dismiss (docket entry 17) directed at the amended counterclaim.  Red Mango filed a timely response (docket entry 19), to which Winterhalter filed a timely reply (docket entry 20).  The motion is now ripe for consideration.

### II.  ANALYSIS

The primary dispute between the parties is whether the franchise agreement required Winterhalter to pay royalty fees.  Brief in Support of Plaintiff/Counter-Defendant's Motion to Dismiss Amended Counterclaim at 4 (docket entry 18); Defendant/Counter-Plaintiff Red Mango FC, LLC's Response to Plaintiff/Counter-

Defendant's Motion to Dismiss Amended Counterclaim at 7-10 (docket entry 19). If the court reached a conclusion of law on this issue at the pleading stage, this interpretation would bind the court's future decisions. *Medical Center Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) ("The law-of-the-case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case.") (internal quotations and citations omitted). The court deems it imprudent to reach a legal conclusion on this issue at the pleading stage when at least one party will have to file a motion for summary judgment on this same issue. Withholding decision until the summary judgment stage will provide the parties with a better opportunity to inform the court (1) how the multiple contractual provisions concerning royalty fees relate to each other and (2) if Winterhalter is entitled to recover royalty fees already paid, assuming she paid them in error.

### III.  CONCLUSION

For the reasons discussed above, the plaintiff's motion to dismiss is **DENIED**.

**SO ORDERED**.

August 18, 2015.

                                                     */s/ A. Joe Fish*
                                                  **A. JOE FISH**
                                                  **Senior United States District Judge**